No. 22-1507

## UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

LIDIA LECH,

Plaintiff – Appellant,

v.

DOROTHEA VON GOELER, M.D., BAYSTATE MEDICAL PRACTICES, INC., HAMPDEN COUNTY SHERIFF'S DEPARTMENT, MARIA DIAZ, NICOLE SKORUPSKI, ELIZABETH MEAUX, SHANTELLE ROSADO, JULIE BELLE-ISLE, LYNN CHASE, MICHAEL J. ASHE, JR., NICHOLAS COCCHI, PATRICIA MURPHY, NATALIE CRUZ, and MICHAEL VANCINI,

Defendants – Appellees.

JOHN DOE 1; JOHN DOE 2,

Defendants

**OPPOSITION OF APPELLEES TO RIGHTS BEHIND BARS' MOTION TO LEAVE TO FILE *AMICUS CURIAE* BRIEF**

Appellees, Dorothea Von Goeler, M.D., Baystate Medical Practices, Inc., Hampden County Sheriff's Department, Maria Diaz, Nicole Skorupski, Elizabeth Meaux, Shantelle Rosado, Julie Belle-Isle, Lynn Chase, Michael J.

Ashe, Jr., Nicholas Cocchi, Patricia Murphy, Natalie Cruz, and Michael Vancini, hereby oppose Rights Behind Bars' Motion for Leave to File Amicus Brief. As grounds therefor, Appellees state that Rights Behind Bars's ("RBB") proposed *amicus* brief provides no assistance to the Court in deciding the evidentiary and discrete dispositive motion issues before it, frequently includes incorrect, misleading, and extrinsic statements of fact and opinion regarding the case, and offers inflammatory and grossly inappropriate statements regarding Appellees. RBB's proposed brief offers no assistance to this Court in deciding the issues on appeal, and its motion for leave to file its *amicus* brief should be denied.

The First Circuit has stated that "the acceptance of amicus briefs is within the sound discretion of the court," noting that "by the nature of things an amicus is not normally impartial." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970). "An *amicus* is not a party and does not represent the parties but participates only for the benefit of the court." *Alliance of Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 306-307 (U.S.*D*.C. Me. 2003) (internal citations omitted). Thus, the sole purpose of *amicus* briefs is "to assist [a court] in a proceeding." *Id.* at 306*, citing Resort Timeshare Resales, Inc. v. Stuart,* 764 F. Supp. 1495, 1500-01 (D. Me. 1991). This Court has also made

clear that "an amicus who argues facts should rarely be welcomed." *Strasser*, 432 F.2d at 569.

This appeal presents three discreet issues set forth in Appellant's opening brief., two of which involve the exclusion and admission of specific evidence and the third involves the district court's ruling on the deliberate indifference and IIED claims. On June 23, 2023, RBB filed with this Honorable Court a motion requesting leave to file an *amicus* brief. RBB claims that the matters asserted in the motion to leave and accompanying *amicus* brief, provide "crucial context to issues at the heart of this appeal." However, the *amicus* brief demonstrates little, if any, understanding of the facts regarding the Appellant's case, including repeated references to problems particular to women of color, despite the fact that Appellant is white. The proposed *amicus* brief provides no context regarding Appellant's appeal - crucial or otherwise - and adds no factual background relevant to the discreet issues on appeal. RBB states in the motion for leave that "it intends to provide much needed context to the circumstances surrounding the death of Ms. Lech's baby." Mot. Leave 3. RBB does not appear to have played any role in Ms. Lech's case since its filing in 2017. Based on the repeated references to women of color, it does not appear that anyone

involved in the drafting of the *amicus* brief has ever met or even seen Ms. Lech. *Amicus* Br. at 3-5, 18. The summary of the facts related to Ms. Lech's case contained in the *amicus* brief is nothing more than a repetition of allegations already available to this Court. *Amicus* Br. at 9-12. Moreover, RBB appears to ignore any facts not supporting its position, despite the burdens imposed in this appeal, and suggests incorrectly that the issues in the case included that Ms. Lech was not seen by medical providers, and when she was seen, Ms. Lech's medical providers did not believe her. Rather, during the trial of this matter, Appellees claimed that Ms. Lech failed to report many of her claims to them during numerous medical visits, a position which was supported by the extensive documented visits to the correctional center's medical department reflected in Ms. Lech's medical records, where she was seen by trained medical providers, contrary to RBB's suggestions.

RBB also improperly seeks to present to this Court inaccurate or misleading expert opinions (despite not being qualified experts) that were not offered at the trial in this matter, including medical literature which it claims demonstrates violations of the standard of care, inadmissible generalized claims about the likelihood of poor results for pregnant

incarcerated people which it suggests support Ms. Lech's claims, and a claim contrary to all evidence that an alleged delay just prior to Ms. Lech going to the hospital "cost her son his life." *Amicus* Brief at 10 (claiming that a delay was "inconsistent with guidance from the American College of Obstetricians and Gynecologists"), 12 ("The wait cost her son his life."), 25-26 ("Her claims that prison staff and medical providers disregarded here needs tracks the researchers' findings" and "the ultimate death of her child gives credence to those same researchers' conclusion" regarding complications in the prison setting due to neglect and a punitive environment).

Additionally, the proposed *amicus* brief, while addressing alleged barriers that incarcerated pregnant women face in obtaining adequate medical care, includes explicit references to studies and investigations involving corrections practices in California, Louisiana, Georgia, Florida, Illinois, Kansas, Mississippi, Oklahoma, and Texas. *Amicus* Br. 14-17. There is not a single reference to Massachusetts or even to a New England State or any other state within the Northeast, and not one of these studies or investigations was introduced into evidence at the trial in this matter, or is relevant in any way to the issues on appeal, such as the claim about "dangerous environments" or the suggestion that the treatment provided

for Ms. Lech's substance use disorder was not sufficient. *Amicus* Br. at 14-15, 21. Further, RBB uses these studies and investigations to again suggest violations of the standard of care which were not introduced into evidence and which are not factually accurate, citing references to levels of care wholly inconsistent with the undisputed care provided the Ms. Lech.

Finally, the *amicus* brief should also be rejected for the inclusion of the following sentence: "Despite the prevalence of high-risk pregnancies among inmates, many of the doctors who work in prisons and jails are not qualified to work anywhere else." *Amicus* Br. 17. This unsupported, and inflammatory statement is an insult to the dedicated women who provided medical care to Ms. Lech and were found not liable by a jury for the tragic death of Ms. Lech's baby, including an Ivy League trained physician and nurse practitioner. This sort of baseless personal attack has no place in this appeal, reflects the baseless and irrelevant substance of RBB's *amicus* brief, and should cause this Court to deny leave for RBB to file its *amicus* brief .

WHEREFORE, for the forgoing reasons, this Honorable Court should deny RBB's motion for leave to file its *amicus* brief.

Dated: July 3, 2023    Respectfully Submitted,

THE DEFENDANT - APPELLEES HAMPDEN COUNTY SHERIFF'S DEPARTMENT, MARIA DIAZ, NICOLE SKORUPSKI, ELIZABETH MEAUX, SHANTELLE ROSADO, JULIE BELLEISLE, LYNN CHASE, MICHAEL J. ASHE, JR., NICHOLAS COCCHI, PATRICIA MURPHY, NATALIE CRUZ, MICHAEL VANCINI,

By their attorneys,

/s/*Thomas E. Day*
Thomas E. Day, BBO #655409
Special Assistant Attorney General
Lauren F. Olanoff, BBO #669371
Michael G. McDonough, BBO #682128
Egan, Flanagan and Cohen, P.C.
67 Market Street, P.O. Box 9035
Springfield, MA 01102-9035
(413) 737-0260; Fax (413) 737-0121
Email: ted@efclaw.com; lfo@efclaw.com; mgm@efclaw.com

DOROTHEA VON GOELER, M.D., BAYSTATE MEDICAL PRACTICES, INC.,

By their attorneys,

/s/*Michael B. Doherty*

>Kevin C. Giordano, Esq.
>Michael B. Doherty, Esq.
>KEYES AND DONNELLAN, P.C.
>293 Bridge Street, Suite 600
>Springfield, MA 01103
>(413) 781-6540
>kgiordano@keyesanddonnellan.com
>mdoherty@keyesanddonnellan.com

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed on July 3, 2023 through the CM/ECF System and will be served electronically to the registered participants.

>/s/*Thomas E. Day*
>Thomas E. Day

0056-170224\493970