No. 22-1507

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

LIDIA LECH,

Plaintiff – Appellant,

v.

DOROTHEA VON GOELER, M.D., BAYSTATE MEDICAL PRACTICES, INC., HAMPDEN COUNTY SHERIFF'S DEPARTMENT, MARIA DIAZ, NICOLE SKORUPSKI, ELIZABETH MEAUX, SHANTELLE ROSADO, JULIE BELLE-ISLE, LYNN CHASE, MICHAEL J. ASHE, JR., NICHOLAS COCCHI, PATRICIA MURPHY, NATALIE CRUZ, and MICHAEL VANCINI,

Defendants – Appellees.

JOHN DOE 1; JOHN DOE 2,

Defendants

**OPPOSITION OF APPELLEES TO AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS, INC. MOTION TO LEAVE TO FILE *AMICUS CURIAE* BRIEF**

Appellees, Dorothea Von Goeler, M.D., Baystate Medical Practices, Inc., Hampden County Sheriff's Department, Maria Diaz, Nicole Skorupski, Elizabeth Meaux, Shantelle Rosado, Julie Belle-Isle, Lynn Chase, Michael J. Ashe, Jr., Nicholas Cocchi, Patricia Murphy, Natalie Cruz, and

1

Michael Vancini, hereby oppose American Civil Liberties Union of Massachusetts, Inc.'s ("ACLUM") Motion for Leave to File Amicus Brief. As grounds therefor,

Appellees state that ACLUM's proposed *amicus* brief provides no assistance to the Court in deciding the evidentiary and discrete dispositive motion issues before it, essentially arguing that substance use disorder and methadone evidence should not have been admitted, despite this issue not being an issue on appeal, impermissibly attempting to serve as a second appellate brief on behalf of the Appellant, and providing a highly-selective and irrelevant summary of a small number of articles regarding the American public's attitudes regarding people with substance use disorder over a period of years, straying at times into attitudes regarding mental illness in general and even HIV-positive individuals. *Amicus* Br. 9-12. Given that ACLUM's proposed brief offers no assistance to this Court in deciding the issues on appeal, its motion for leave to file its *amicus* brief should be denied.

The First Circuit has stated that "the acceptance of amicus briefs is within the sound discretion of the court," noting that "by the nature of things an amicus is not normally impartial." *Strasser v. Doorley*, 432 F.2d

567, 569 (1st Cir. 1970). "An *amicus* is not a party and does not represent the parties but participates only for the benefit of the court." *Alliance of Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 306-307 (U.S.D.C. Me. 2003) (internal citations omitted). Thus, the sole purpose of *amicus* briefs is "to assist [a court] in a proceeding." *Id.* at 306, *citing Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500-01 (D. Me. 1991). This Court has also made clear that "an amicus who argues facts should rarely be welcomed." *Strasser*, 432 F.2d at 569.

This appeal presents three discreet issues set forth in Appellant's opening brief, two of which involve the exclusion and admission of specific evidence and the third involves the district court's ruling on the deliberate indifference and IIED claims. On June 26, 2023, ACLUM filed with this Honorable Court a motion requesting leave to file an *amicus* brief. The ACLUM's Motion for Leave to File *Amicus Curiae* Brief (the "Motion for Leave") promises that it will provide this Court with a "unique perspective that will assist in the resolution of this appeal." Mot. Leave 3. Instead, the proposed *amicus* brief attempts to argue unraised issues about the admissibility of evidence of Appellant's substance use and medication therefor and the proper terminology to use when discussing her substance

3

use (*Amicus* Brief at 15-17 (Part I)), a topic which Appellant not only did not seek to preclude from evidence, but affirmatively used as part of her claim for liability (e.g., contributing to her high-risk pregnancy) and damages (e.g., claiming that her alcohol use was caused by the death of her child) in this case. The proposed *amicus* brief simply ignores this context, or the context of questions about Appellant's substance use, and suggests that any reference to it or use of the word "abuse" is prejudicial, despite not being raised at trial or as part of this appeal.

The proposed *amicus* brief also seeks to serve as a second appellate brief on behalf of the Appellant. *Amicus* Brief at 17-22 (Part IIA). This is impermissible, as the Appellant has already submitted her appellate brief and ACLUM is not entitled to argue the appeal on the Appellant's behalf. The brief then furthers this improper briefing by proceeding to claim in Part IIB, relying on the questioning involving substance use which was not objected to or raised in this appeal and a selective summary of various articles reportedly supporting the conclusion that the American public generally stigmatizes individuals with SUD (*Amicus* Brief at 8-13), that Appellant was prejudiced, suggesting predisposition of the jury. However, none of the cited authority addresses the perception of jurors with regard

to plaintiffs with SUD. In this case, the jury that unanimously found against the plaintiff had been chosen through the District Court's unchallenged processes, and plaintiff's counsel took the opportunity to conduct individual *voir dire* of each and every prospective juror over a period of two days. The plaintiff did not challenge the fairness of the juror selection process and the impartiality of this jury is not an issue in this appeal. A treatise summarizing a small selection of articles on the apparent attitudes of the American public towards substance use disorder, with the selected articles spanning the period from 1963 to 2022, has no relevance to this case, and provides no assistance to this Court in this appeal.

WHEREFORE, for the foregoing reasons, this Honorable Court should deny ACLUM's Motion for Leave.

THE DEFENDANT – APPELLEES HAMPDEN COUNTY SHERIFF'S DEPARTMENT, MARIA DIAZ, NICOLE SKORUPSKI, ELIZABETH MEAUX, SHANTELLE ROSADO, JULIE BELLEISLE,
LYNN CHASE, MICHAEL J. ASHE, JR., NICHOLAS COCCHI, PATRICIA MURPHY, NATALIE CRUZ, MICHAEL VANCINI,

By their attorneys,

/s/ Thomas E. Day

Thomas E. Day, BBO #655409
Special Assistant Attorney General
Lauren F. Olanoff, BBO #669371
Michael G. McDonough, BBO #682128
Egan, Flanagan and Cohen, P.C.
67 Market Street, P.O. Box 9035
Springfield, MA 01102-9035
(413) 737-0260; Fax (413) 737-0121
Email: ted@efclaw.com; lfo@efclaw.com; mgm@efclaw.com

DOROTHEA VON GOELER, M.D., BAYSTATE MEDICAL PRACTICES, INC.,

By their attorneys,

/s/ Michael B. Doherty

Kevin C. Giordano, Esq.
Michael B. Doherty, Esq.
KEYES AND DONNELLAN, P.C.
293 Bridge Street, Suite 600
Springfield, MA 01103
(413) 781-6540
kgiordano@keyesanddonnellan.com
mdoherty@keyesanddonnellan.com

6

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed on July 3, 2023 through the CM/ECF System and will be served electronically to the registered participants.

/s/ Thomas E. Day
Thomas E. Day